**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

                    **No. 14-4473**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

          v.

RICKY LEE COKER, a/k/a Ricky Lee Delyea,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Terry L. Wooten, Chief District
Judge.  (3:13-cr-00865-TLW-3)

Submitted:  December 2, 2014      Decided:  December 19, 2014

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC,
Columbia, South Carolina, for Appellant.  Tommie DeWayne
Pearson, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Lee Coker pleaded guilty to one count of knowingly and with intent to defraud, did use an unauthorized access device in order to obtain something of value, in violation of 18 U.S.C. § 1029(a)(2), (c)(1)(A)(i) (2012). Coker was sentenced to thirty months' imprisonment, the low end of the Sentencing Guidelines sentence, and three years' supervised release, and ordered to pay restitution in the amount of $484,334.97. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that given Coker's appellate waiver, there are no viable arguments that could be raised outside the scope of the waiver or any viable challenges to the validity of the waiver, but raising for the court's consideration, whether the district court erred in determining the amount of loss attributed to Coker. Coker was informed of the opportunity to submit a pro se supplemental brief, but did not. The Government declined to file a brief. We affirm.

We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). Generally, this requires a two-step analysis. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We first review the sentence for significant procedural error, "such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.]

2

§ 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" Gall, 552 U.S. at 51. If there are no procedural errors, then we consider the substantive reasonableness of a sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51). "[A]n appellate court is allowed to presume that a district court's chosen sentence is substantively reasonable if it is within a correctly calculated Guidelines range." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

In assessing a challenge to the district court's application of the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010). We conclude that there was no error with regard to the court's decision to find that Coker should be held responsible for $484,334.97, both as a matter of determining the amount of loss under U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(H) (2013), and as a matter of restitution, which was mandatory under 18 U.S.C. § 3663A(a)(1) (2012). We have reviewed the other issues Coker raised at sentencing and conclude that there were no errors with the court's findings.

3

We also conclude there were no other procedural or substantive sentencing errors.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Coker's conviction and sentence. This court requires that counsel inform Coker, in writing, of the right to petition the Supreme Court of the United States for further review. If Coker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Coker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED